**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **COMPASS EDUCATIONAL HOLDINGS, INC.** d/b/a **DECKER COLLEGE OF BUSINESS TECHNOLOGY** | )<br>)<br>)<br>) |
|  Plaintiff, | ) **CIVIL ACTION**<br>) **CASE NO. 1:05-CV 2645**<br>) |
| v. | )<br>) **INJUNCTIVE RELIEF** |
| **COUNCIL ON OCCUPATIONAL EDUCATION, INC.** | ) **SOUGHT**<br>)<br>) |
|  Defendant. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW REGARDING EFFECT OF THE PENDING BANKRUPTCY PROCEEDING ON THE ABOVE-CAPTIONED LITIGATION**

Plaintiff, Compass Educational Holdings, Inc. d/b/a Decker College of Business Technologies ("Decker College" or the "College") files this memorandum of law in response to the Court's request that each party file a memorandum of law describing the effect of the pending bankruptcy proceeding on the current litigation.

**BACKGROUND**

On October 13, 2005, Decker College filed the instant lawsuit against the defendant, Counsel on Occupational Education ("COE"), seeking

injunctive relief and damages for the harm caused by COE's August 23, 2005 letter to the United States Department of Education ("DOE") disavowing COE's prior approval of three Decker College degree programs. On that same date, Decker College sought a temporary restraining order against COE, which this Court subsequently denied.  The College filed a motion for expedited discovery on October 17, 2005, which COE has opposed.  On November 2, 2005, COE filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted.

On October 24, 2005, in the United States Bankruptcy Court for the Western District of Kentucky, Louisville Division, Petitioning Creditors Andre Sitgraves, Tiffany Cooke and Charles H. Henderson filed an involuntary Chapter 7 bankruptcy petition on behalf of Decker College.  The order for relief was entered by the bankruptcy court on November 4, 2005. The bankruptcy case has been assigned to the Honorable Judge Thomas H. Fulton and the Bankruptcy Trustee (the "Trustee") is Robert W. Keats, 150 South Third St., Louisville, Kentucky 40202.

Decker College provided this Court with notice of the Bankruptcy proceeding on November 7, 2005, and on November 10, 2005, this Court

entered an Order directing the parties "to advise the Court on the effect of the pending bankruptcy on the current litigation." Specifically, the Court requested the parties to address: "(i) whether further action by the Bankruptcy Trustee is necessary to proceed in this case; (ii) whether this action should or must be stayed pending resolution of the bankruptcy proceeding; (iii) the effect of the bankruptcy proceeding on the relief requested; (iv) to what extent expedited discovery is still necessary in light of the bankruptcy proceeding."

Although we have not yet been retained by the Trustee and cannot definitively speak on his behalf, it is our understanding that the Trustee intends to transfer the present litigation to the United States Bankruptcy Court for the Western District of Kentucky and vigorously pursue this litigation going forward.

## LEGAL ANALYSIS

### A. Necessity of the Trustee to the Present Litigation.

Upon the filing of the bankruptcy petitions, all property of the Debtor, Decker College, became property of the Debtor's Estate in Bankruptcy (the "Estate"). 11 U.S.C. § 541. The Estate is administered by the Trustee, and the Trustee is charged with collecting and reducing the property of the Estate

to money. 11 U.S.C. § 704. Included within the property of the Estate, are any legal or equitable causes of action that the debtor had against others at the commencement of the bankruptcy proceeding. 11 U.S.C. § 541. <u>See also</u> <u>Icarus Holding, LLC v. Thompson</u>, 391 F.3d 1315, 1319 (11th Cir. 2004). The Estate, represented by the Trustee, is therefore the real party in interest in the present litigation. All further decisions and actions regarding this litigation are now in the hands of the Trustee or whatever counsel the Estate may hire to prosecute this litigation.

### B.    <u>Automatic Extension Pursuant to 11 U.S.C. § 108.</u>

The Bankruptcy Code provides the Trustee with an automatic extension of time to take any actions relating to lawsuits that were commenced prior to the debtors entry into bankruptcy. 11 U.S.C. § 108. Specifically, Section 108(b) provides that:

> [I]f applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor…may file any pleading, demand, notice, proof of claim or loss, cure a default, or perform any similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of: (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 60 days after the order for relief.

11 U.S.C. § 108(b).

In the instant lawsuit, the Trustee may file a response to COE's motion to dismiss. Such response may be filed before the later of: (1) the due date for the response (Thursday, November 17, 2005) or (2) 60 days after the order for relief (Tuesday, January 3, 2006). Clearly, the sixty days from the order for relief is the longer period, and therefore the Trustee has an automatic extension of time to respond to COE's motion to dismiss until January 3, 2006.

Other than the extension of time granted to the Trustee under Section 108(b), there is no need to stay the current litigation under the Bankruptcy Code. 11 U.S.C. § 362 provides for an automatic stay of proceedings that threaten the property of the Estate. Therefore, claims by creditors against the Debtor or other claims that would reduce the value of the Estate are automatically stayed until the resolution of the bankruptcy proceeding. The present litigation has the opposite effect, and in fact enhances the value of the Estate. As such, the automatic stay provision of the Bankruptcy does not require that the present litigation be stayed.

**C.      Effect of the Bankruptcy Proceeding on the Relief Requested.**

Given the Estate's property interest in the present litigation, all decisions regarding the relief requested by the debtor will be made by the

Trustee.  However, the Trustee has informed us of his intent to pursue the requested relief in the United States Bankruptcy Court for the Western District of Kentucky.  This litigation is of immense value to the Estate.  First, the claims include a substantial damages claim against COE which will add value to the Estate.  Second, the litigation will enhance the assets of the Estate because it provides a mechanism for Decker College to receive reimbursements from DOE for amounts that were previously earned and have been wrongfully withheld.  Third, the litigation is necessary to maintain the value of the Estate, because absent the injunctive relief requested, DOE has a potential claim against Decker College for amounts previously paid pursuant to Federal Student Aid programs.

### D.     Plaintiff's Request for Expedited Discovery.

Given the Trustee's intention to continue pursuing the subject litigation and seeking injunctive relief against COE, expedited discovery in this matter is still very much necessary and will assist the Trustee in determining the value of the Estate for purposes of the bankruptcy proceeding.  In addition, such expedited discovery is necessary to protect the Estate from potential claims by DOE regarding whether Decker College was accepting Federal Student Aid for unapproved programs.  Because this Court

has been presented with a fully briefed motion for expedited discovery, and because there is no need for the Trustee to take further action relating to this motion, we urge the Court to rule on the pending motion so that the Trustee may proceed with such discovery immediately upon entry into the present action.

    DATED November 15, 2005.

        Respectfully submitted,

        DOW, LOHNES & ALBERTSON, PLLC

        /s/ Peter D. Coffman
        Peter D. Coffman
        Georgia Bar Number: 173120
        W. Bradley Ney
        Admitted *pro hac vice*
        One Ravinia Drive
        Suite 1600
        Atlanta, Georgia 30346-2108
        (770) 901-8800 (telephone)
        (770) 901-8874 (facsimile)

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **COMPASS EDUCATIONAL HOLDINGS, INC.** d/b/a **DECKER COLLEGE OF BUSINESS TECHNOLOGY**     Plaintiff, v. **COUNCIL ON OCCUPATIONAL EDUCATION, INC.**     Defendant. | ) ) ) ) ) ) **CIVIL ACTION** ) **CASE NO. 1:05-CV 2645** ) ) ) ) **INJUNCTIVE RELIEF** ) **SOUGHT** ) ) ) |

## CERTIFICATE OF SERVICE

I, Peter D. Coffman, hereby certify that on November 15, 2005, I electronically filed the foregoing PLAINTIFF'S MEMORANDUM OF LAW REGARDING EFFECT OF THE PENDING BANKRUPTCY PROCEEDING ON THE ABOVE-CAPTIONED LITIGATION with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Matthew Dexter Richardson (mrichardson@alston.com)
Alston & Bird - GA
1201 West Peachtree Street
One Atlantic Center
Atlanta, GA 30309-3424
404-881-7000

ATLIB01:291983-1

/s/ Peter D. Coffman
Peter D. Coffman
Georgia Bar Number: 173120
One Ravinia Drive
Suite 1600
Atlanta, Georgia 30346-2108
(770) 901-8800 (telephone)
(770) 901-8874 (facsimile)
